# IN THE UNITED DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

KRISTIN LENNOX,

    Plaintiff,

    vs.                            No. CIV 98-0892 JC/WWD (ACE)

UNIVERSITY OF NEW MEXICO SCHOOL
OF MEDICINE, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendants' Motion to Dismiss on the Basis of Qualified Immunity and Other Grounds, filed January 7, 1999 *(Doc. 17)*. Defendants raise the following grounds for dismissal: 1) Eleventh Amendment immunity; 2) failure to state a 42 U.S.C. § 1983 claim; and 3) qualified immunity. In deciding a motion to dismiss under FED. R. CIV. P. 12(b)(6), the court accepts all well-pleaded allegations as true, *see Albright v. Oliver*, 510 U. S. 266, 268 (1994), and may grant the motion "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U. S. 69, 73 (1984).

Plaintiff brings this lawsuit as a result of being terminated from enrollment in the radiography program at the University of New Mexico (UNM) School of Medicine. The Plaintiff is suing the UNM School of Medicine and its Department of Radiology and Medical Imaging Programs. Plaintiff is also suing the Regents of UNM, her instructor and program director, Robert Fosbinder, and Dr. Fred Mettler, Jr., the Chair of the Department of Radiology.

Although not specified in the Complaint, Defendants Fosbinder and Mettler are named in the caption both in their individual and official capacities. Liberally construing the complaint, I find that Defendants Fosbinder and Mettler are indeed being sued in both their individual and official capacities. The Complaint is, however, silent as to whether the Regents are being sued individually or in their official capacities. However, it is obvious that the Regents are sued only in their official capacities because there are no specific allegations against any of them individually.

Plaintiff alleges in her Complaint that Defendants denied her procedural due process and equal protection of the law. The procedural due process claim is based on the allegation that Defendants failed to 1) provide the Plaintiff notice that her scores had fallen below the required grade percentage of 75%, and 2) give her an opportunity to be placed on academic probation as provided in the Student Handbook. The equal protection claim is based on the allegation that the Defendants terminated her enrollment for arbitrary and discriminatory reasons, and without any rational basis. Plaintiff appears to allege that her age was the real reason for the termination of her enrollment, not her low scores. Plaintiff requests both declaratory and compensatory relief.

**A.  Eleventh Amendment Immunity and Failure to State a § 1983 Claim**

   **(1)  UNM and the Regents**

The University of New Mexico is a state educational institution created by Art. XII, § 11 of the New Mexico Constitution. *State v. Regents of the Univ. of NM*, 32 N.M. 428, 258 P. 571 (1927). The case against the Regents is the same as a case against the entity of which they are agents, i.e., UNM. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the

official's office."). The UNM School of Medicine and its Regents are, therefore, "arms of the state," entitled to Eleventh Amendment immunity. *See Buchwald v. University of NM Sch. of Medicine*, 159 F.3d 487, 494 and n.3 (10th Cir. 1998) (citing *Korgich v. Regents of NM School of Mines*, 582 F.2d 549, 551 (10th Cir. 1978) (holding New Mexico School of Mines is arm of state)). *See also, Watson v. University of Utah Med. Ctr.*, 75 F.3d 569, 575 (10th Cir. 1996) ("Our cases have consistently found state universities are arms of the state."). This absolute immunity applies to compensatory as well as declaratory requests for relief. *See Buchwald*, 159 F.3d at 494 (citing *Johns v. Stewart*, 57 F.3d 1544, 1553 (10th Cir. 1995)). Moreover, as arms of the state, UNM and its Regents are not "persons" for purposes of § 1983 and cannot be sued for damages under that statute in either federal or state court. *Will*, 491 U. S. at 71. Consequently, UNM and the Regents have Eleventh Amendment immunity from suit in this cause and the Plaintiff's § 1983 claims against them should also be dismissed for failure to state a claim.

### (2) Defendants Fosbinder and Mettler

A federal action against a state official in his or her official capacity is considered an action against the state and is also barred by the Eleventh Amendment. *See Will*, 491 U.S. at 71; *In re State of New York*, 256 U.S. 490, 500-01 (1921). Likewise, where money damages are sought in a § 1983 action, a state or a state official sued in his official capacity is not a "person" for § 1983 purposes, and cannot be sued under § 1983 in state or federal court. *See Will*, 491 U.S. at 71. Accordingly, Defendants Fosbinder and Mettler are entitled to absolute immunity in their official capacities. Additionally, Plaintiff has failed to state a § 1983 claim against Defendants Fosbinder and Mettler in their official capacities.

## B. Qualified Immunity

Defendants Fosbinder and Mettler also claim qualified immunity from suit in their individual capacities. Qualified immunity will shield a defendant from liability under § 1983 if his actions did not "violate clearly established statutory or constitutional rights which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U. S. 800, 818 (1982). "Once the defendant pleads qualified immunity, the burden shifts to the plaintiff to demonstrate (1) the defendant's conduct violated the law, and (2) the relevant law was clearly established when the alleged violation occurred." *Migneault v. Peck*, 158 F.3d 1131, 1139 ( 10th Cir. 1998); *see Anderson v. Creighton*, 483 U.S. 635, 640 (1987). "In showing that the law was clearly established, the plaintiff does not have to show that the specific action at issue has been held unlawful, but the alleged lawfulness of the defendant's conduct must be apparent in light of preexisting law." *Armijo by and through Chavez v. Wagon Mound Public Sch.*, 159 F.3d 1253, 1260 (10th Cir. 1998); *see Migneault*, 158 F.3d at 1139. "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson*, 483 U.S. at 640. To show a right is clearly established, there must be Supreme Court or Tenth Circuit law on point, or the weight of authority from other courts must support the Plaintiff's proposition. *See Armijo*, 159 F.3d at 1260; *Migneault*, 158 F.3d at 1139-40. If Plaintiff meets her burden of coming forward with facts or allegations which would demonstrate that Defendants Fosbinder and Mettler's alleged violation should have been apparent in light of preexisting law, then Defendants Fosbinder and Mettler assume the summary judgment burden of establishing that no material facts remain in dispute that would defeat their claim of qualified immunity. *See Woodward v. City of Worland*, 977 F.2d 1392, 1396-97 (10th Cir. 1992), *cert. denied*, 509 U.S. 923 (1993); *Jantz v. Muci*, 976 F.2d 623, 627 (10th Cir. 1992), *cert. denied*,

508 U.S. 952 (1993); *see also Brown v. City of Belen*, 141 F.3d 1184, 1998 WL 115856 at *3 (10th Cir. March 16, 1998) (unpublished disposition). Unless both prongs of the test are satisfied, qualified immunity must be granted. *See Migneault*, 158 F.3d at 1139; *see also Lackey v. County of Bernalillo*, ___ F.3d ___, 1999 WL 2461 at *3 (10th Cir. Jan. 5, 1999) (unpublished disposition). If Plaintiff fails to demonstrate that Defendants Fosbinder and Mettler's conduct violated the law, I need not determine whether the law was clearly established. *See Hinton v. City of Elwood*, *Kan.*, 997 F.2d 774, 782 (10th Cir.1993); *see also Lackey*, ___ F.3d ___, 1999 WL 2461 at *3.

**(1)  Procedural Due Process**

"To determine whether a plaintiff was denied procedural due process, we engage in a two-step inquiry:  1) Did the individual possess a protected interest to which due process protection was applicable?  2) Was the individual afforded an appropriate level of process?" *Hennigh v. City of Shawnee*, 155 F.3d 1249, 1253 (10th Cir. 1998). In this case, the question is whether Plaintiff had a protected interest in her enrollment in the radiography program. The Tenth Circuit has held that when tuition is paid, an individual's place in a post-secondary program constitutes a protected property interest. *Harris v. Blake*, 798 F.2d 419, 422 (10th Cir. 1986), *cert. denied*, 479 U.S. 1033 (1987). Plaintiff, therefore, has a protected interest in her enrollment and meets the first prong of the procedural due process test.

The procedure required to terminate enrollment is as follows: 1) the student must receive notice of academic deficiencies; and 2) following receipt of the aforementioned notice, the school officials must make a "careful and deliberate determination" to end enrollment. *Id*. at 423 (citing *Board of Curators of University of Mo. v. Horowitz*, 435 U.S. 78, 85 (1978)). The Complaint states that in late June 1995, Defendant Fosbinder commented to Plaintiff in an allegedly disparaging manner

that her performance was poor and that she must do better. Complaint at ¶ 17. On or about the last day of the summer session, Defendant Fosbinder informed Plaintiff that she "didn't make it." *Id.* at ¶ 18. Apparently, Plaintiff had notice that her academic performance was deficient.

Moreover, Plaintiff admits that her GPA was 74.4%, a GPA below the required 75%. *Id.* at ¶¶ 18, 20. Plaintiff fails to argue that the decision to terminate her enrollment rather than granting a period of academic probation was not based upon a "careful and deliberate determination." The fact that other students at other times had been placed on academic probation pursuant to the student handbook simply does not address the issue of whether the Plaintiff in this instance was denied the minimal process outlined in *Harris*. I, therefore, find that Plaintiff has not carried her burden of demonstrating that Defendants Fosbinder and Mettler violated her right to procedural due process. Consequently, qualified immunity applies to Defendants Fosbinder and Mettler with respect to the procedural due process claim.

**(2) Equal Protection**

Plaintiff apparently bases her equal protection claim on the grounds of age discrimination. Although there is "no judicial definition of invidious, that is, unconstitutional age discrimination . . . it seems likely that only a few isolated, egregiously irrational instances of age discrimination would violate the Equal Protection Clause." *Humenansky v. Regents of the Univ. of Minn.*, 152 F.3d 822, 827 (8th Cir. 1998). Plaintiff in this case has not alleged an "egregiously irrational instance of age discrimination." The Court notes that the Complaint never states what Plaintiff's age was at the time her enrollment was terminated, only that "[i]t was obvious to the other students and faculty that Plaintiff Kristin Lennox was the oldest member of the 1994 Radiography class. . . ." Complaint at ¶ 14. Plaintiff also fails to allege that her poor scores resulted from unfair discrimination as

opposed to a simple inability to do well in class. Under these circumstances, I cannot find that Plaintiff has carried her burden of showing that Defendants Fosbinder and Mettler violated the equal protection clause. Qualified immunity covers Defendants Fosbinder and Mettler in this matter as well.

Wherefore,

IT IS ORDERED that the Defendants' Motion to Dismiss on the Basis of Qualified Immunity and Other Grounds, filed on January 7, 1999 *(Doc. 17)*, is granted and this cause is dismissed with prejudice.

DATED this 25th day of May, 1999.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff:   Christina Bruff DuMars
                         Law & Resource Planning Associates
                         Albuquerque, New Mexico

Counsel for Defendants:  Terrill Elise Pierce
                         Elizabeth L. German
                         Brown & German
                         Albuquerque, New Mexico